# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DORIS BROWN | § | |
| | § | |
| v. | § | Case No. 4:14cv407 |
| | § | Judge Mazzant |
| KROGER TEXAS, LP | § | |
| | § | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #26). Having considered the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Plaintiff Doris Brown alleges that she entered Defendant's store on or about April 22, 2012, and while she was on the premises, she was seriously injured as a result of a fall caused by an old, large substance on the floor.

On April 14, 2015, Defendant filed a motion for summary judgment (Dkt. #26). After no response was filed, the Court entered an order giving Plaintiff until May 19, 2015, to file a response and notifying Plaintiff that the Court would take up the motion after the deadline (Dkt. #27). No response was filed.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

**ANALYSIS**

Local Rule CV-7(d) provides as follows:

**Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. **In the event a party fails to oppose a**

**motion in the manner prescribed herein, the court will assume that the party has no opposition.** (Emphasis added).

Plaintiff has not filed a response. Since Plaintiff has not filed a response, the Court will assume that she is not opposed to the Court granting Defendant's motion for summary judgment.

The Court will now address the merits of Defendant's motion. The central issue raised by Defendant is whether Defendant had actual or constructive notice of a condition posing an unreasonable risk of harm. Under Texas premises liability law, a business owner owes its invitees a duty to exercise reasonable care. In order to recover under the theory of premises liability against a business owner, Plaintiff must plead and prove: (1) the owner had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk of harm; and (4) the owner's failure to use care proximately caused the plaintiff's injuries. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

The only issue raised in this motion is the first element. Defendant owes a duty to protect invitees from dangerous conditions that are known or reasonably discoverable, but the premises possessor is not an insurer of their safety. Defendant is not liable to its invitees for conditions on the premises of which it did not have actual or constructive notice. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Plaintiff must offer evidence to establish that Defendant actually created the condition, actually knew that condition existed, or that it is more likely than not that the condition existed long enough to give Defendant a reasonable opportunity to discover it. *Id.*

Defendant concedes that it owed Plaintiff a duty to exercise reasonable care to protect her from dangerous conditions on the premises that were known or reasonably discoverable. Defendant

asserts that it is not an insurer of Plaintiff's safety and that there is no evidence that it actually created the condition or actually knew it was there. Defendant further asserts that Plaintiff must prove that the condition existed a sufficient period of time for Defendant to have a reasonable opportunity to discover it. This "time-notice rule" cannot be discarded even when there is evidence of an employee's proximity to the condition. *Reece*, 81 S.W.3d at 814.

Defendant points out that there is no evidence that Kroger employees actually created any dangerous condition, nor is there any evidence that Kroger employees saw or were told of the liquid substance on the floor prior to Plaintiff's fall. The Court agrees that no evidence has been offered that would create a material fact issue that Defendant had actual notice of the alleged condition. Without actual knowledge, Plaintiff must show the allegedly dangerous condition existed long enough that Defendant should have discovered the condition. Plaintiff offers no evidence of how long the liquid substance was on the floor, or how long before her fall, or before the liquid substance was spilled, Defendant's employee walked through the area or inspected the area. Therefore, since Plaintiff cannot establish the notice element of her premises-liability cause of action, Defendant is entitled to summary judgment on Plaintiff's claim as a matter of law.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #26) is hereby **GRANTED** and this case is **DISMISSED** with prejudice.

**SIGNED this 27th day of May, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE